IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PAMELA KING, *et al.* | ) | |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:04-cv-1055-MEF |
| | ) | |
| KIRKLAND'S STORES INC., | ) | (WO-Not Recommended for Publication) |
| | ) | |
| DEFENDANT. | ) | |

## MEMORANDUM OPINION AND ORDER

This case is an employment discrimination case in which five plaintiffs challenge the decision of their former employer Kirkland's Stores, Inc. ("Defendant") to terminate their employment.  Defendant has filed motions for summary judgment which Plaintiffs have opposed.  Plaintiffs base their opposition to the summary judgment motions, in part, on their own deposition testimony.  This cause is before the court on Defendant's Motion to Strike Portions of Plaintiffs' Deposition Testimony in Support of Plaintiffs' Response to Defendant's Motions for Summary Judgment (Doc. # 59).  The crux of this motion is whether some of the deposition testimony on which Plaintiffs rely to argue that summary judgment is not warranted is proper summary judgment evidence.  Defendant contends that Plaintiffs cannot rely on portions of their deposition testimony which contain inadmissible hearsay or speculation.  Plaintiffs argue that the testimony they have proffered is permissible under the Federal Rules of Evidence. The court has carefully considered the motion and finds that it is due to be GRANTED in part and DENIED in part.

**DISCUSSION**

Given that the deposition testimony Defendant has challenged is submitted in opposition to a motion for summary judgment, it must comply with the requirements of Rule 56(e) of the Federal Rules of Civil Procedure.  Rule 56(e) makes it plain that affidavits submitted in support of or opposition to a motion for summary judgment

> shall be made *on personal knowledge*, shall set forth such facts as would be *admissible in evidence*, and shall *affirmatively show that the affiant is competent to testify to the matters stated therein*.

Fed. R. Civ. P. 56(e) (emphasis added).  It is clear that the Federal Rules of Civil Procedure also provide for the submission of deposition testimony in support of or in opposition to motions for summary judgment.  Such testimony is also required to be made on personal knowledge from a witness competent to testify on the matters stated and to set forth facts as would be admissible in evidence.  *See, e.g., Rowell v. Bellsouth Corp.,* 433 F.3d 794, 799-800 (11th Cir. 2005) (affirming a decision granting an employer's motion for summary judgment and explaining that deposition testimony from plaintiff could only be considered if it could "be reduced to an admissible form" at trial); *Randle v. LaSalle Telecomms.,* 876 F. 2d 563, 570 n.4 (7th Cir. 1989); *Home Oil Co. v. Sam's East, Inc.,* 252 F. Supp. 1302, 1308 (M.D. Ala. 2003). The requirements of Rule 56 make it plain that affidavits or depositions which set forth conclusory arguments rather than statements of fact based on personal knowledge are improper.  *See, e.g., Thomas v. Ala. Council on Human Relations, Inc.,* 248 F. Supp. 2d 1105, 1112 (M.D. Ala. 2003); *Story v. Sunshine Foliage World, Inc.,*

2

120 F. Supp. 2d 1027, 1030 (M.D. Fla. 2000). *Accord, Leigh v. Warner Bros., Inc.,* 212 F.3d 1210, 1217 (11th Cir. 2000). Testimony which fails to meet the standards set forth in Rule 56(e) may be subject to a motion to strike. *See, e.g., Thomas*, 248 F. Supp. 2d at 1112; *Givhan v. Electronic Eng'rs, Inc.,* 4 F. Supp. 2d 1331, 1334 (M.D. Ala. 1998). However, the court need not strike the entire affidavit or deposition, rather it *may strike or disregard* the improper portions and consider the remainder of the testimony. *Id.* at p. 1334 n.2.

## A. Testimony Concerning Alleged Statements By Gatewood

In their depositions Plaintiffs testified that Gatewood told them that they were not required to follow certain of Defendant's written policies. Plaintiffs also testified that Gatewood approved of their purchases of "as is" merchandise over the telephone. In their arguments in opposition to Defendant's motions for summary judgment, Plaintiffs rely on this testimony.[1] Specifically, they contend that while they may have violated Defendant's written policies, they complied with their manager's verbal policies and had their manager's verbal approval for their purchases. Defendant objects to this testimony as being replete with hearsay statements which are inadmissible.

It is true that a plaintiff may not rely upon deposition testimony that constitutes inadmissible hearsay, at least where that hearsay will not be reducible to admissible form at trial. *See, e.g., Rowell*, 433 F.3d at 799-800. Hearsay is defined in the Federal Rules of

---

[1] It is worth noting that there is neither deposition testimony nor testimony in the form of an affidavit from Gatewood in the record before this court.

3

Evidence as a "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  Fed. R. Evid. 801(c).  Of course, there are various exceptions to the rule prohibiting the admission of hearsay.  *See* Fed. R. Evid. 803, 804 & 807.

If Plaintiffs merely sought to admit their own testimony reciting the alleged statements by Gatewood to show the effect that those statements had on Plaintiffs, they would not be relying on hearsay.  Such a use of the statements would not meet the definition of hearsay because Plaintiffs would not be offering the statements for the truth of the matter asserted.  Put another way, if Plaintiffs said Gatewood told us to follow these procedures and so we followed them, hearsay would not be an issue.  In this case, Plaintiffs go farther and attempt, not only to introduce Gatewood's statements to explain their own subsequent conduct, but in an effort to establish that they did not engage in the misconduct for which they were discharged, namely failing to comply with company policies regarding employee purchases.  They seek to argue that Gatewood's statements are true and that the policy applicable to them was that they did not need to have the Store Manager ring up certain of their transactions.  Clearly, this is offering the Gatewood statements for the truth of the matter asserted in the statement, namely, that the policies applicable to Plaintiffs were something different than Defendant's promulgated written policies.

Given that Plaintiffs seek to use the Gatewood statements to prove the truth of the matter asserted in the statements, the court must now consider if the provisions in the Federal

4

Rules of Evidence on hearsay allow the testimony.

In addition to providing numerous exceptions to the rule excluding hearsay testimony, the Federal Rules of Evidence themselves carve out of the definition of hearsay certain categories of statements. *See* Fed. R. Evid. 801(d)(1) & (2). One of those categories of statements is central to the issue before the court. The Federal Rules of Evidence provide that a statement is not hearsay if

> [t]he statement is offered against a party and is (A) the party's own statement, in either an individual or a representative capacity or (B) a statement of which the party has manifested an adoption or belief in its truth, or (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship, or (E) a statement by a coconspirator of a party during the course and in furtherance of the conspiracy. The contents of the statements shall be considered but are not alone sufficient to establish the declarant's authority under subdivision (C), the agency or employment relationship and scope thereof under subdivision (D), or the existence of the conspiracy and the participation therein of the declarant and the party against whom the statement is offered under subdivision (E).

Fed. R. Evid. 801(d)(2).

Plaintiffs assert that subsection (D) makes the deposition testimony about Gatewood's statements proper. There is no dispute that Gatewood was Defendant's agent or servant at the time she made the alleged statements. The real issue here is whether the statements concerned a matter within the scope of her agency or employment. Plaintiffs contend that because she was a Store Manager any statement Gatewood made that constituted training

5

regarding policies was within the scope of her agency or employment relationship.

Defendant has promulgated a job description for its Store Managers which provides that the

Store Manager will perform the certain functions including, but not limited to:

> *Using Company programs*, train all Associates in job skills,
> policies and procedures, with special emphasis toward the
> development of Assistant Managers and Stockroom Supervisors.
>
> Evaluate, counsel and discipline Associates to improve
> performance and adhere to standards and policies.

(Ex. 3 to Doc. 49) (emphasis added).  The Sixth Edition of the Employee Handbook dated

August of 2003, directs employees to ask the Store Manager to assist them if they have

questions relating to their job or some aspect of *Kirkland's policies*.  (Ex. 7 to Doc. # 49).

Nowhere in the Store Manager job description is a Store Manager tasked with developing or

modifying any policy.  Moreover, the training a Store Manager is tasked with completing is

training about policies and procedures using Defendant's programs.  Because the statements

by Gatewood concerned a policy at odds with Defendant's specific written policies and there

is no evidence that Gatewood was authorized to make policy, the court cannot find on the

record before it that Gatewood's statements to Plaintiffs regarding any verbal policy

inconsistent with Defendant's written policies constitute statements concerning matters

within the scope of Gatewood's agency or employment.  Accordingly, Plaintiffs' deposition

testimony concerning these alleged statements by Gatewood is not admissible pursuant to

Federal Rule of Evidence 801(d)(2)(D) as Plaintiffs argue.  The testimony on these matters

constitutes improper hearsay and Plaintiffs have urged no other basis for its potential

6

admissibility.  Defendant's motion to strike is due to be GRANTED with respect to deposition testimony from Plaintiffs concerning statements by Gatewood concerning any purported verbal policy relating to procedures for employee purchases which was different from Defendant's written policies.

As previously mentioned, Defendant also seeks to exclude Plaintiffs' testimony that their purchases were approved by Gatewood over the telephone. To the extent that Plaintiffs have relied on testimony in their depositions setting forth statements made to them by other store employees about what Gatewood purportedly said regarding employee purchases in telephone conversations to which the deponents were not parties, the court agrees that the testimony is due to be STRICKEN as it contains at least one and in some cases two layers of hearsay and constitutes speculation by deponents on matters about which they lack personal knowledge.  Thus, the motion is due to be GRANTED with respect to that testimony as well.

**B.  Plaintiff Pam King's Testimony Concerning Customer Email Message**

Plaintiff Pam King ("King") testified that in April of 2004, she saw an email message from a customer in which the customer complained that there were too many African-American employees at Defendant's Eastchase store.[2]   King does not know the name of the

---

[2]  According to King's deposition testimony, the customer complained that Eastchase had been turned into a Montgomery Mall, stated that she wasn't pleased with the service and that there were too many African-Americans working in the store.  King Dep. at p. 234, lines 14-19,

customer who sent the email.  Plaintiffs argue that this email message constitutes evidence that Defendant was motivated by improper racial animus when it later terminated the employment of several employees of the Eastchase store, most of whom were African-American.

King contends that the complaint was made to Defendant's home office which forwarded it to Jeff Owens ("Owens"), the District manager, who in turn forwarded it to the Eastchase store where King saw it in her capacity of part of the store management team. King Dep. at p. 235, lines 10-22.  King does not have a copy of the email.  King Dep. at p. 235, line 23 to p. 236, line 6.  She testified at her deposition that she remembers that the email regarding the complaint came from Owens and had some comments added to it, presumably by Owens, but she does not remember what they were.  King Dep. at p. 237, lines 1-22.  King testified that someone from customer service in the Defendant's home office called to discuss the customer complaint and spoke with her briefly and with the Store Manager Chris Gatewood ("Gatewood") at greater length.  King Dep. at p. 237, line 23 to p. 238, line 23.  There is no evidence that King spoke with anyone else about the customer's email complaint.  *Id.*

Defendant contends that King's testimony about the email is improper because it is inadmissible hearsay and because it is inadmissible pursuant to Federal Rule of Evidence 1002.  The court will address these arguments in turn.

Defendant argues that the only way King could know if Owens saw the email was that

she deduced as much from the information on the email regarding the sender and the comments she claims he added to the email.  Defendant notes that the content of the email are out of court statements and to the extent that King is contending that the email was from Owens, the statements are offered to prove the truth of the matter asserted.  Therefore, Defendant concludes that King's testimony that the email was forwarded by Owens is hearsay and must not be considered.  With the scant factual record before it, the court is inclined to find, at least at this juncture that the portions of the email challenged are not hearsay pursuant to Federal Rule of Evidence 801(d)(2), which excludes from the definition of hearsay admissions by a party-opponent.  Owens' statements as District Manager for Defendant are statements by Defendant's agent or servant concerning a matter within the scope of his agency or employment and they are statements concerning matter.  As such they are not hearsay.  *See* Fed. R. Evid. 801(d)(2)(D).

The court acknowledges that it is theoretically possible that someone else might have used Owens' computer to add the comments and send the email message which King has testified that she saw, but conspicuously absent from the evidentiary submissions to the court is any denial by Owens concerning this email.  Moreover, while the email was not produced in discovery upon Plaintiffs' request, the court cannot conclude from that fact that it never existed.  Of course, if Plaintiffs had deposed Owens, they might have been able to clarify the matter further, but they elected not to do so.  Nevertheless, the court cannot find that King's testimony about the email is improper.  She has testified from personal knowledge about an

email which she read.  Plaintiffs may argue at trial that the fact that the email indicated that it came from Owens is circumstantial evidence that creates an inference that Owens knew about the customer complaint.  Defendant is free to offer testimony refuting that inference if such evidence exists.  Defendant is also free through cross-examination and argument to attempt to establish that King's testimony about this email is not credible or not entitled to great weight. [3]

Plaintiffs cannot produce a copy of the email about which she testified.  According to her testimony, a copy of the email was in Defendant's possession.  It has also been established that Defendant did not produce a copy of the email during discovery although it was within the scope of a discovery request Plaintiffs made.  Defendant contends that Federal Rule of Evidence 1002 prohibits King from testifying about the content of the email because she cannot and has not produced the original email or a copy of it.  The court agrees that Rule 1002 states: "To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, *except as otherwise provided in these rules* or by Act of Congress."  Fed. R. Evid. 1002 (emphasis added).  Given the evidentiary record before the court, however, it must find that King's testimony about the email is permissible pursuant to Federal Rule of Evidence 1004 which provides in pertinent part that

> The original is not required, and other evidence of the contents of a writing, recording, or photograph is admissible if ---

---

[3] Counsel for Defendant has represented that Defendant has no record that the alleged email ever existed or was sent to customer service or Owens.

(1) **Originals lost or destroyed.**  All originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith; or

(2) **Originals not obtainable.**  No original can be obtained by any available judicial process or procedure; or

(3) **Original in possession of opponent.**  At a time when an original was under the control of the party against whom offered, that party was put on notice, by the pleadings or otherwise, that the contents would be a subject of proof at the hearing, and that party does not produce the original at the hearing.

Fed. R. Evid. 1004.  From the record before this court, it would seem that these provisions allow King's testimony about the contents of the email.  Accordingly, Defendant's motion is due to be DENIED to the extent it ask the court to strike or disregard that testimony.

## C.  Testimony Concerning Purchases at Prattville Store

Defendant seeks to strike King's deposition testimony concerning associate purchase practices of employees of Defendant's Prattville store.  King testified that she believed that there were Caucasian employees at the Defendant's Prattville store who purchased merchandise in violation of Defendant's policies and procedures, thereby engaging in conduct similar to that for which Plaintiffs were discharged from their employment.  Although King worked for a period of time in the Prattville store, it does not appear from her actual deposition testimony that her belief that employees of the Prattville store engaged in similar misconduct arises from anything she observed while she was working there.  Rather, King's belief appears based on "common knowledge" and a statement by Gatewood that she ran the Prattville store the same way when she was Store Manager there prior to becoming

Store Manager at Eastchase.

First, the court notes that during the course of discovery in this case, Plaintiffs have been able to access and evaluate the actual records regarding employee purchases at the Prattville store. This is the more precise way of obtaining evidence of potential comparators. The court views King's challenged testimony on this matter of little utility. Given the Eleventh Circuit's standards for comparator evidence, her vague assertion that people at the Prattville store (of unknown race or sex) presumably engaged in similar misconduct (an unknown number of times) because they were following Gatewood's improper policy is of little relevance to the issues before the court. Moreover, the court finds that the testimony is not proper because it is not based on personal knowledge and it speculative. Accordingly, it is due to be STRICKEN; however, the court further finds that even if the evidence were considered in connection to the summary judgment motion, it would not change the court's ruling on that motion. The Defendant's motion is due to be GRANTED with respect to this challenged deposition testimony.

## CONCLUSION

In accordance with the foregoing, it is hereby ORDERED that Defendant's Motion to Strike Portions of Plaintiffs' Deposition Testimony in Support of Plaintiffs' Response to Defendant's Motions for Summary Judgment (Doc. # 59) is GRANTED in part and DENIED in part.

DONE this the 4th day of August, 2006.

_____
/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE